### THE NUTMEG STATE.

(District Court, D. Connecticut. October 14, 1899.)

#### No. 1,238.

CARRIERS—LOSS BY FIRE—LIABILITY.

Under a contract of shipment providing that no carrier is bound to carry the property by a particular train or vessel, or otherwise than with as reasonable dispatch as its general business will permit, or shall be liable for loss thereof by fire, the carrier is not liable,—the fire destroying the vessel and cargo not arising from its fault,—though the goods would not have been destroyed if it had carried them on the night of their arrival; the capacity of the vessel not being sufficient for all the cargo.

Petition for Limitation of Liability.

Carpenter & Park, for petitioner.
James J. Macklin, for claimant.

TOWNSEND, District Judge. The steamboat Nutmeg State, on its regular trip between Bridgeport and New York, was destroyed by fire, with the loss of several lives and the entire cargo. The owners thereupon filed a libel for limitation of liability under the statute, denying all liability for damages. The steamboat was valued at the sum of $1,000, which sum was put into the registry of the court. A monition issued out of the court, citing all persons to file their claims before the commissioner, and to file their answers in said case. The only answer filed is that of the present claimant. This claimant contends that the petitioner is not entitled to a limitation of liability as against it, because, if the goods had been transshipped on the night of their arrival at Bridgeport, they would have arrived at New York prior to the disaster. Both parties have appeared and introduced testimony as to the contract of affreightment, and have thereby waived their right to object to the jurisdiction of the court.

The claimant is not entitled to claim damages for the loss of said cargo, for the following reasons: It does not appear from the evidence, and is not contended, that the fire which was the proximate cause of the loss arose from the fault or negligence of the carrier or its agents or servants. Craig v. Insurance Co., 141 U. S. 646, 12 Sup. Ct. 97, 35 L. Ed. 886. By the contract of shipment presented to the claimant and accepted by the carrier, it was expressly provided as follows:

"No carrier is bound to carry said property by any particular train or vessel, or in time for any particular market, or otherwise than with as reasonable dispatch as its general business will permit. No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto by fire."

See Whitworth v. Railway Co., 87 N. Y. 413.

The evidence shows that the steamboat had been seriously delayed on the three nights preceding the injury by reason of fog; that it left a part of the freight on the dock, in accordance with a custom of the company when the capacity of the boat was not sufficient to carry all the cargo, which custom had been in force for many years. The petitioner was not negligent in not forwarding the goods earlier. These conclusions dispense with the necessity of considering the further claim, based on section 4281 of the Revised Statutes, that as the articles shipped were marked "clocks," but were in fact "watches," the carrier would not be liable for their loss in any event. A decree may be entered in favor of the petitioner.